IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
ADMIRALTY

---------------------------------------------------------x
:
PRAXIS ENERGY AGENTS PTE. LTD.,     :
:
Plaintiff,     :
:
v.     :     CIVIL ACTION NO. 4:15-cv-00067
:
M/V CHANG SHAN HAI (IMO No.     :
9546100), her Engines, tackle,     :     **VERIFIED COMPLAINT**
appurtenances, etc., *in rem*,     :
Defendant,     :
:
---------------------------------------------------------x

COMES NOW, Plaintiff, PRAXIS ENERGY AGENTS PTE. LTD. (hereinafter "PRAXIS" or Plaintiff"), by its attorneys, and complaining *in rem* against Defendant M/V CHANG SHAN HAI (IMO No. 9546100), her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, to enforce a maritime lien for "necessaries" against the Vessel, and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b).

2. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and

special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of Defendant Vessel.

3.   Jurisdiction is founded on the presence within the District of the M/V CHANG SHAN HAI, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

## THE PARTIES

4.   At all times material hereto, Plaintiff, PRAXIS, was and still is a foreign corporation duly organized and existing pursuant to the laws of Singapore, with an office at Singapore.

5.   Defendant, M/V CHANG SHAN HAI, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto (hereinafter referred to as "Vessel"), IMO 9546100 is an bulk carrier registered under the laws of Panama, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court.

## FACTS

6.   PRAXIS was the supplier of bunkers to the M/V CHANG SHAN HAI pursuant to a maritime contract, and brings this action in order to recover amounts indisputably due and owing by Defendant.

7.   On or about July 16, 2014, Plaintiff PRAXIS, entered into an agreement with Greatwin Carrier (Holdings) Co. Ltd., ("Greatwin"), on behalf of the M/V CHANG SHAN HAI, and/or its Master, and/or Owners, and/or Managers and/or Operators and/or Greatwin, to provide 300.000 metric tons of bunker fuel (at a rate of USD 586.00 per

metric tons of IFO-380), for delivery to the Vessel at Singapore, on or about July 19, 2014. *A copy of PRAXIS' bunker nomination, as well as the correspondence from Greatwin accepting same, is attached hereto as Exhibit 1.*

8. The aforementioned contract for bunkers is a maritime contract.

9. Under the parties' agreement, which was expressly subject to PRAXIS' General Terms and Conditions for the Sale of Marine Bunker Fuels and Lubricants (*see* Exhibit 1 at p. 1), payment was required to be made under the terms set forth in PRAXIS' bunker nomination. *A copy of PRAXIS' terms and conditions is attached hereto as Exhibit 2.* The bunker nomination provided that payment was to be made within thirty (30) days from the date of delivery. *See Exhibit 1.*

10. On July 19, 2014, PRAXIS arranged, through Hong Fatt Oil Trading Pte. Ltd., for 299.635 metric tons of IFO 380 bunker fuel to be delivered to the Vessel at the port of Singapore, as set out in the bunker delivery receipt (*attached hereto as Exhibit 3*). The bunker delivery receipt is signed on behalf of the M/V CHANG SHAN HAI, and bears the Seal of the Vessel. *See* Exhibit 3.

11. On July 19, 2014, Plaintiff issued its Invoice No. 15763AA to the "M/V CHANG SHAN HAI, and/or Changshanhai Shipping Inc. and/or Master, and/or Owner, and/or Managers and/or Operators and/or Greatwin" for the amount owed of USD 175,586.11. The invoice specified the payment due date of August 17, 2014, with the contractual interest rate for the late payment of 2.0% per month. *A copy of this Invoice is attached hereto as Exhibit 4.*

12. In breach of the agreement, Greatwin and/or Owner and/or Managers and/or Operators wrongfully failed, neglected or otherwise refused to pay the amount owed of USD 175,586.11, by August 17, 2014.

13. By signing the bunker delivery receipt, the Vessel's representative acted on behalf of the Vessel and her Owner and/or Managers and/or Operators to procure bunkers, and thereby accepted them on behalf of the Vessel and her Owner.

14. The said bunkers delivered to the M/V CHANG SHAN HAI were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. Greatwin, by virtue of its role as time charterer of the M/V CHANG SHAN HAI, was authorized to order necessaries for the account and on the credit of the Vessel.

15. The M/V CHANG SHAN HAI, her time charterer, and Owners, received the benefit of the services provided by Plaintiff and are indebted to Plaintiff, PRAXIS, and obligated to pay for the aforementioned goods and services.

16. Under Clause 22.01 of the specific terms and conditions governing the contract for the sale of bunkers to the M/V CHANG SHAN HAI *(see Exhibit 2)*, the general maritime law of the United States shall apply to any disputes, differences, claims and/or other matters relevant thereto. Accordingly, Plaintiff may seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under applicable U.S. law.

17. Furthermore, under clause 2.04 of the specific terms and conditions governing the contract for the sale and supply of bunkers to the M/V CHANG SHAN HAI, the term "Buyer" is defined to include "jointly and severally, in any event the registered and the disponent owner of the Vessel, including any lessor and (as the case may be) the manager of the Vessel, her demise/bareboat charterer, lessee and any other

party which has contracted with the Company for the particular supply of Product and is stated as a buyer in the Nomination Confirmation." *See* Exhibit 2 at pg. 1.

18. Clause 10.00 provides, in relevant part, as follows:

It is agreed and acknowledged that the sale of Products to the Buyer and/or their acceptance on the Vessel create a maritime lien over the Vessel for the price of the Products, such maritime lien afforded to the Company over the Vessel....

In case the Buyer is not the owner of the Vessel, it hereby expressly warrants that it has the authority of the owner to pledge the Vessel's credit and create a lien upon her as aforesaid and that he has given notice of the provisions of this Clause to the owner.

*See* Exhibit 2, p. 3.

19. As a result of the foregoing, PRAXIS has a maritime lien on the M/V CHANG SHAN HAI for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

20. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services

21. At present, despite demand for payment of same, the total amount due and owing to PRAXIS by Defendant is an amount not less than USD 175,586.11, plus contractual interest and costs.

22. Pursuant to Clause 12.01(4) of PRAXIS' General Terms and Conditions (*see* Exhibit 2. at p. 4), incorporated by reference into the bunker nomination agreed by Greatwin (*see* Exhibit 1), any delay in payment of the full sum due entitles PRAXIS to interest at the rate of two (2) percent per month. From the invoice due date of August 17, 2014 to today's date, interest as per the agreed General Terms and Conditions have accrued in the sum of USD 17,324.50.

23. Additionally, Clause 12.01(10) of PRAXIS' General Terms and Conditions (*see* Exhibit 2 at p. 5), incorporated by reference into the bunker nomination agreed by Greatwin (*see* Exhibit 1 at p. 21), provides that:

> The full legal and other costs and expenses incurred by the Company including those of the Company's own legal department and of other lawyers it may employ in connection with any breach by the Buyer of any term of the Agreement including but not limited to actions for security or enforcement as well as preaction costs shall be for the Buyer's account, payable by the Buyer and shall for all purposes form part of the Price due from the Buyer to the Company for the Product supplied.

To date, PRAXIS has incurred legal fees in the sum of USD 8,000. Legal fees continue to accrue.

24. To date, Defendants have neglected, failed, or otherwise refused to pay the outstanding aggregate sum of **USD 200,910.61**, which is indisputably due and owing for the bunkers under the relevant bunker supply contract.

## ALLEGATIONS IN SUPPORT OF RULE C ARREST

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "24" and incorporates those allegations herein.

26. As a result of Defendant's failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the parties' agreement, Plaintiff's claim for the amount of **USD 200,910.61**, attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem.*

27. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

28. WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B. That a warrant for the arrest of the M/V CHANG SHAN HAI be issued and that the vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against defendant M/V CHANG SHAN HAI, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*;

C. That after due proceedings, judgment be entered in favor of Plaintiff and against the Defendant M/V CHANG SHAN HAI, *in rem*, for the amount of **USD 200,910.61** pled herein, as well as for contractual pre-judgment interest, post-judgment interest, costs, attorney fees, and disbursements for this action;

D. That the M/V CHANG SHAN HAI, her engines, tackle, furniture apparel, appurtenances, *etc.*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

E. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: January 12, 2015  
       Oyster Bay, NY

Respectfully submitted,

CHALOS & CO, P.C.

By:   /s/ George M. Chalos  
George M. Chalos (GC-8693)  
CHALOS & CO, P.C.  
55 Hamilton Avenue  
Oyster Bay, NY 11771  
Telephone: (516) 714-4300  
Facsimile: (516) 750-9051  
Email: gmc@chaloslaw.com

George A. Gaitas  
State Bar No. 24058885  
Federal Bar No. 705176  
7210 Tickner Street  
Houston, Texas 77055  
Telephone: 713-936-2427  
Fax: 1-866-702-4577  
E-mail: gaitas@chaloslaw.com

*Attorneys for Plaintiff*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

---------------------------------------------------------x
:
PRAXIS ENERGY AGENTS PTE. LTD.,    :    ADMIRALTY
:
Plaintiff,    :
:
v.    :    CIVIL ACTION NO.
:
M/V CHANG SHAN HAI (IMO No.    :
9546100), her Engines, tackle,    :    **VERIFICATION OF**
appurtenances, etc., *in rem*,    :    **COMPLAINT**
Defendant,    :
---------------------------------------------------------x

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, I, Theodosios Kyriazis, declare under the penalty of perjury:

1. I am a representative of PRAXIS ENERGY AGENTS PTE. LTD. and authorized to act on the company's behalf.

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

9

Date: January 12, 2015
Singapore

Respectfully Submitted,

By: *[signature]*

Theodosios Kyriazis
Director
PRAXIS ENERGY AGENTS PTE. LTD.